**104**

In re JOHN WESLEY, INC. d/b/a
John Wesley Moore, Debtor(s).

Douglass E. WENDEL,
Trustee Plaintiff,

v.

B.G. CURY a/k/a Beddy
Cury, Defendant.

Bankruptcy No. 84–00672–BKC–TCB.
Adv. No. 85–1112–BKC–TCB–A.

United States Bankruptcy Court,
S.D. Florida.

Oct. 18, 1985.

Thomas A. Hoadley, W. Palm Beach,
Fla., for defendant.

Douglass E. Wendel, trustee, plaintiff.

## ORDER ON DEFENDANT'S MOTIONS

THOMAS C. BRITTON, Bankruptcy
Judge.

Defendant's motion for an indefinite continuance of this proceeding scheduled to be tried on November 5 was filed on October 15. The motion is denied.

On the same day, defendant submitted ten interrogatories to the plaintiff to be answered within 30 days. This matter will be tried and decided within 18 days. Therefore, plaintiff may disregard the interrogatories and defendant may make these inquiries during the course of a deposition.

In view of movant's allegations, a further comment is appropriate.

This complaint seeks the avoidance of five alleged preferential payments by check within 90 days before bankruptcy. The action is purely statutory and the circumstances pertinent to the several defenses available to the action lie peculiarly within the knowledge and control of the defendant. Service was made on September 26 not only on the defendant, but also on his present attorney. Counsel has furnished no good reason why defendant could not be ready for trial within the 40 days allocated in this instance.

The fact is brought to my attention that counsel elected to request a court file be sent to Palm Beach for his examination. The clerk received his request on Friday and had the file available for him Monday morning when she was told that he would be out of the office for seven days. The clerk's handling of this courtesy service furnishes no excuse for counsel who could have sent someone to Miami to examine the file and return with the information within one day.

Counsel who plans a vacation should not accept employment to defend an action which he can defend only if trial is continued.

Counsel sees no reason for urgency in resolving this matter. In accordance with the requirements of bankruptcy rules, when the complaint was filed, a trial date was set and this court's time was allocated for the trial of this matter. A continuance would waste the time allocated and would put an unnecessary burden on a future trial calendar allocated to other matters, including those not yet filed. For ten years this court and many other bankruptcy courts have routinely resolved actions like this one within 30 to 40 days after they were filed without any disadvantage to the

litigants. Of the several thousand such actions so disposed, there has not been one in which, to my knowledge, any party has claimed to have been prejudiced by the promptness with which the matter was tried.

In every commercial transaction, time is a critical factor and delay always hurts someone and usually benefits someone else. A constant criticism of courts is that they move too slowly. Bankruptcy courts were provided in large part for the express purpose of eliminating unnecessary delay in the resolution of commercial disputes. I know of no reason why that purpose cannot be achieved, but it cannot be achieved if this court grants nonessential continuances.